1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

JESUS LARRIVA,                                      1: 06 CV 01453 OWW WMW HC

12
                              Petitioner,           MEMORANDUM OPINION AND ORDER RE
13                                                  RESPONDENT'S MOTION TO DISMISS
                                                    PETITION FOR WRIT OF HABEAS CORPUS
14        v.
                                                    [Doc. 8]
15
L. WATSON, WARDEN,
16
                              Respondent.
17 _____/

18
19
20

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

21 U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss.

22                                      JURISDICTION

23        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

24 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

25 the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

26 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

27 the United States Constitution.  In addition, the conviction challenged arises out of Corcoran State

28

1   Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

2   Accordingly, the court has jurisdiction over the action.

3       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

4   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

5   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

6   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

7   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

8   *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

9   to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

10  AEDPA, thus it is governed by its provisions.

11  STANDARD OF REVIEW

12      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

13  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

14  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

15      The AEDPA altered the standard of review that a federal habeas court must apply with

16  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

17  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

18  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

19  involved an unreasonable application of, clearly established Federal law, as determined by the

20  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

21  determination of the facts in light of the evidence presented in the State Court proceeding." 28

22  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

23  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

24  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

25  concludes in its independent judgment that the relevant state-court decision applied clearly

26  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

27  that application must be objectively unreasonable."  Id. (citations omitted).

28      While habeas corpus relief is an important instrument to assure that individuals are

1   constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

2   <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

3   conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

4   <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

5   determinations must be presumed correct, and the federal court must accept all factual findings made

6   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

7   convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

8   (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

9   1388 (9th Cir. 1997).

10                                          **DISCUSSION**

11          In this petition, Petitioner seeks to challenge his gang validation and his associated placement

12   in the Security Housing Unit ("SHU").  Respondent moves to dismiss this petition on the grounds

13   that Petitioner has failed to exhaust state court remedies and that the petition fails to challenge the

14   fact or duration of his confinement.  Petitioner opposes the motion.

15          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

16   if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is

17   not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

18   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

19   Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

20   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

21   Rule 4 of the Rules Governing § 2254 Cases.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420

22   (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189,

23   1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the

24   court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

25          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

26   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

27   exhaustion doctrine is based on comity to the state court and gives the state court the initial

28   opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

1    U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

2    1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

3           A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

4    full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

5    Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

6    1996).  A federal court will find that the highest state court was given a full and fair opportunity to

7    hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

8    basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

9    Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

10   must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,

11   513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For

12   example, if a petitioner wishes to claim that the trial court violated his due process rights "he must

13   say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A

14   general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

15   federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

16   (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

17   argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074

18   (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional

19   guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

20          In this case, Respondent correctly states that Petitioner admits in his petition that he has not

21   presented his claims to the California Supreme Court or to any state court.  Instead, he chose to

22   proceed immediately to federal court.  Specifically, on page 6 of the form petition, in response to the

23   question why the grounds were not previously presented to any other court, Petitioner states that this

24   is the appropriate court in which to file his petition because it involves issues presented in an earlier

25   federal case.

26          The fact that Petitioner may seek to vindicate rights established in an earlier federal decision

27   to which he was not a party does not absolve Petitioner of the duty to exhaust state judicial remedies

28   before coming to this court.  This court can excuse exhaustion if "(I) there is an absence of available

1  State corrective process; or (ii) circumstances exist that render such a process ineffective to protect

2  the rights of the application."  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived

3  exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For

4  example, these claims may be presented in a petition for writ of habeas corpus.  See Cal. Penal Code

5  §§ 1473 - 14758.

6       Further, the court finds no merit to Petitioner's contention that exhaustion in his case is futile.

7  A court's prior decisions adverse to Petitioner's position is not sufficient grounds for excusing

8  exhaustion.  Engle v. Issac, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1981) (he may not bypass the

9  state courts simply because he thinks they will be unsympathetic to the claim); Nolte v. Peterson, 9

10  F.3d 802, 805 (9th Cir. 1993) (finding that futility may no longer be a viable defense to exhaustion).

11  Finally, there are not sufficient circumstances in this case for the court to ignore the United States

12  Supreme Court's admonishment that comity demands exhaustion and find that California's

13  corrective processes are ineffective to protect Petitioner's rights.

14       Petitioner asks this court to consolidate this case with Villagrana v. Adams, 1:06-CV-1797

15  OWW TAG HC.  The court declines to do so, as findings and recommendations have already been

16  entered in that case.

17       Based on the above, the court finds that Respondent's motion to dismiss must be granted on

18  the ground that Petitioner has failed to exhaust state judicial remedies.

19       Respondent also moves to dismiss this petition on the ground that Petitioner fails to challenge

20  the fact or duration of his custody.   "According to traditional interpretation, the writ of habeas

21  corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d

22  890, 891 (9th Cir. 1979) citing, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory

23  Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  However, there exists a line

24  of cases holding that the likelihood of the effect of the challenged proceeding on the overall length of

25  the prisoner's sentence determines the availability of habeas corpus.  Ramirez v. Galaza, 334 F.3d

26  850, 858 (9th Cir.2003),  cert. denied, 541 U.S. 1063, 124 S.Ct. 2388(2004); see  Bostic v. Carlson,

27  884 F.2d 1267 (9th Cir.1989)(holding that habeas is proper  where a petitioner seeks expungement of

28  a disciplinary finding from his record if expungement is likely to accelerate his eligibility for parole)

1   (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir.1982));  Docken v. Chase, 393 F.3d 1024

2   (9th Cir. 2004)(holding that timing of parole review hearing could be challenged in habeas).   In this

3   case, Petitioner  states that he cannot parole unless he is released from confinement in the S.H.U.  It

4   is this confinement  Petitioner seeks to challenge in the present action.  Based on the line of cases

5   cited above,  the court cannot find as a matter of law that Petitioner may not raise the claims at issue

6   here through habeas corpus.  Accordingly, the court rejects Respondent's second ground for the

7   dismissal of this action.

8            Based on the above, IT IS HEREBY ORDERED as follows:

9   1)      Respondent's motion to dismiss is GRANTED;

10  2)      Respondent's request to correct the named Respondent in this case is GRANTED and the

11          Clerk of the Court is directed to change the Respondent in this case to Warden Adams;

12  3)      This petition for writ of habeas corpus is DISMISSED for failure to exhaust state judicial

13          remedies;

14  4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

15          IT IS SO ORDERED.

16  **Dated:   February 11, 2008**                    **/s/ Oliver W. Wanger**
                                                       UNITED STATES DISTRICT JUDGE